

ORDERED in the Southern District of Florida on January 15, 2015.

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                                    CASE NO. 14-30070-BKC-AJC
                                                          CHAPTER 13
SCARLET SANTANA
*AKA* SCARLET FUENTES,

    Debtor
_____/

### ORDER OVERRULING OBJECTION TO CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN

THIS CAUSE came before the Court for hearing on December 16, 2014 upon Confirmation of the Debtor's First Amended Plan (ECF No. 22) and upon the Objection filed by Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates, Series 2007-CH5 as serviced by Select Portfolio Servicing, Inc. ("Secured Creditor"), a secured creditor in the above-styled cause (ECF No. 26).

**UNDISPUTED FACTS**

1. For value received, on February 27, 2007, the Debtor, Scarlet Fuentes, executed and delivered a Note to Chase Bank USA, N.A.

2. The Note is secured by a Mortgage executed by **Scarlet Fuentes Joined by her husband Richard Santana Mercedes** relating to the real property commonly known as 19531 NW 52 Ct, Miami Gardens, FL 33055 (the "Property"). The lien created by the Mortgage was duly perfected by filing of the Mortgage on March 11, 2007 in Book 25436, at Page 4622, of the Public Records of Miami-Dade County, Florida. The title to Property was granted to **Scarlet Fuentes and Richard Santana Mercedes, husband and wife** on February 27th, 2007 by Joan E. Katz via Warranty Deed and is therefore held by them as tenants by the entireties.

3. Secured Creditor commenced a foreclosure action in the Circuit Court for the 11th Judicial Circuit in and for Miami Dade County, Florida, which ultimately resulted in the entry of a **Consent Final Judgment of Foreclosure against both the filing Debtor, Scarlet Fuentes, and her Non-Debtor husband, Richard Santana Mercedes,** on May 7, 2014 in the amount of $206,684.92 ("Judgment"). The Judgment confirms Secured Creditor's interest in the Property, more specifically known as:

   > Lot 66, Block 9, of LAKES OF ARCADIA UNIT SEVEN, according to the Plat thereof, as recorded in Plat Book 122, Page 44, of the Public Records of Miami-Dade County, Florida.

4. The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on September 5, 2014.

5. Secured Creditor timely filed a Proof of Claim (Claim #1) on December 4, 2014 evidencing a secured claim in the amount of $212,752.30, including a secured arrearage in the amount of $31,746.62.

6. On November 3, 2014, the Debtor filed her First Amended Plan. The Debtor's plan proposes to pay $717.95 per month for months 1 to 60 as adequate protection pending completion of the Mortgage Modification Mediation program. The payment of $717.95 is 31% of the Debtor's gross disposable income of $2,315.98 and does not include any other household income in the computation.

## DISCUSSION

The Secured Creditor argues that the total amount of household income, including all contributions by a non-filing spouse, should be used in the determination of adequate protection payments pursuant to the MMM program, where the Property is held in tenancy by entireties. The Debtor disagrees, contending that she has complied with the MMM program guidelines requiring the Debtor to pay 31% of her gross disposable income and that such payment proposed by the Debtor adequately protects the Secured Creditor as it covers the taxes and insurance and a portion of the principal and interest for the Property.

The Secured Creditor urges the Court to use the definition of the term "current monthly income" found in 11 U.S.C. § 101 (10A)(B) to determine "31% of debtor's gross monthly income" pursuant to the MMM program guidelines. The definition of current monthly income includes any amount paid by any entity other than the debtor, on a regular basis for the household expenses of the debtor or the debtor's dependents. The Secured Creditor believes this inclusive definition of income supports its position that the income contributed to the household by the non-filing spouse should be included as income for purposes of the MMM program, particularly where the Debtor is seeking a loan modification on property held in tenancy by the entireties, and where the income of the non-filing spouse may be considered regarding eligibility

for a loan modification. To hold otherwise, the Secured Creditor believes would be inequitable because title to Property is held in tenancy by the entireties, and both the Debtor and the non-filing spouse stand to gain from the opportunity to modify the loan through the MMM program. Where the finances and interests of the Debtor and non-filing spouse are so intertwined, the Secured Creditor asserts it would be inequitable to allow the Debtor to exclude the income of the non-filing spouse for purposes of the MMM payment, but use that same income for review for a loan modification and to pay household expenses.

The Court is not, however, persuaded that the MMM adequate protection payment was necessarily intended to include the gross income, or any income of the non-filing spouse, particularly where the proposed adequate protection payment sufficiently satisfies the monthly payments for taxes and insurance, as well as a portion of principal and interest.

The Debtor, emphasizing that she is the sole party responsible on the Note, has argued that she fully complied with the guidelines of the MMM program and that 31% of the Debtor's income is sufficient for the adequate protection payment required by the MMM program. Pursuant to the Court's Administrative Order, the Debtor has included in the First Amended Plan the required language stating "the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender…."

The Court is persuaded by the Debtor's argument and believes the MMM program guidelines were established to adequately protect the lenders during the MMM program, and the MMM payment proposed by the Debtor does indeed adequately protect the Secured Creditor in that it covers the taxes, insurance and a portion of the principal and interest on the Property. The

Court believes the proposed payment, calculated using only the Debtor's gross income, is fair and equitable. Accordingly, it is

ORDERED AND ADJUDGED that the Objection is OVERRULED.

###

Copies to:

Attorney for Secured Creditor:  R. Mark Peery, Morris|Schneider|Wittstadt, LLC, 9409 Philadelphia Road, Baltimore, MD 21224

U.S. Trustee: Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130

Chapter 13 Trustee: Nancy K. Neidich, POB 279806, Miramar, FL 33027

Attorney for Debtor(s): Richard J. Adams, 1165 W 49 St #107, Hialeah, FL 33012

Debtor: Scarlet Santana, 19531 NW 52 Ct, Miami Gardens, FL 33055